IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

JOHN STELL and CHARLES WILLIAMS, JR.,
on behalf of themselves individually and as class
representatives on behalf of similarly situated
employees,,

    Plaintiffs,

v.                                        No.  3:15-cv-1105-DRH-DGW

GIBCO MOTOR EXPRESS, LLC,

    Defendant.

## ORDER

**HERNDON, District Judge**:

### I. INTRODUCTION

This matter is before the Court on the plaintiffs' motion to remand (Doc. 26). For the following reasons, plaintiffs' motion to remand is **GRANTED**.

### II. BACKGROUND

**A. The Present Litigation**

On August 28, 2015, plaintiffs, John Stell and Charles Williams, Jr., on behalf of themselves individually and as class representatives on behalf of similarly situated employees, filed a putative class action against defendant, Gibco Motor Express, LLC ("Gibco"). Plaintiffs allege Gibco failed to pay its employees overtime wages at time and a half for all hours worked over 40 hours a week in

violation of the Illinois Wage Payment and Collection Act and in breach of Gibco's Employee Handbook. Plaintiffs estimate the class includes approximately 150 employees with aggregate damages amounting to approximately $400,000 (Doc. 1-1 ¶ 28; Doc. 35 p. 6). Plaintiffs John Stell and Charles Williams, Jr. are citizens of the State of Illinois. Gibco Motor Express, LLC is a citizen of the state of Indiana (Doc. 7 ¶ 6). On October 6, 2015, Gibco removed the above captioned matter to federal court pursuant to 28 U.S.C.A. §§ 1332(a) and 1441.

Presently pending is plaintiffs' motion to remand to state court. Plaintiffs' primary argument is that, because this is a putative class action, Gibco may not remove this case pursuant to Section 1332(a) (traditional diversity jurisdiction). Instead, plaintiffs insist, jurisdiction is only present if the jurisdictional requirements set forth in Section 1332(d)(2), otherwise known as the Class Action Fairness Act ("CAFA"), are satisfied. Plaintiffs argue that Gibco fails to establish that the amount in controversy exceeds CAFA's jurisdictional requirement of $5,000,000.00 and therefore, the above-captioned matter should be remanded to state court.

Gibco does not allege that the jurisdictional requirements of CAFA are present. Instead, Gibco's jurisdictional argument focuses entirely on traditional diversity jurisdiction.

## B. Related Action Previously Filed in the Southern District of Illinois

This action is the progeny of a similar action against Gibco that was originally filed in the Southern District of Illinois in February 2012. *See, Tyrone Ross v. Gibco Motor Express, LLC,* Case No. 3:12-cv-00184-JPG-SCW ("*Ross* Action"). The *Ross* Action was filed directly in the Southern District of Illinois pursuant to CAFA. In October 2014, the presiding judge issued a show cause order directing the plaintiff show cause why the case should not be dismissed for failure to meet CAFA's amount in controversy requirement (*Ross* Action Doc. 89). The plaintiff was given 30 days to correct the jurisdictional defect. *Id.* In response, the plaintiff stated he did not believe there were sufficient grounds to assert the aggregated amount in controversy exceeds the jurisdictional requirement of $5,000,000.00 (*Ross* Action Doc. 90). Accordingly, the plaintiff asked the Court to dismiss the action without prejudice for lack of subject matter jurisdiction.

Plaintiffs' contend Gibco wrongfully removed this action because of the prior dismissal in the *Ross* Action. However, the *Ross* Action was voluntarily dismissed by the plaintiff because the plaintiff agreed CAFA jurisdiction did not exist. Gibco has removed the present action under the traditional diversity statute. As is explained more fully below, traditional diversity jurisdiction and CAFA jurisdiction are separate bases for subject matter jurisdiction. The fact that CAFA jurisdiction is lacking does not mean that traditional diversity jurisdiction is also lacking. Moreover, in the *Ross* Action, the plaintiff, as the proponent of federal jurisdiction, carried the burden of establishing jurisdiction. The plaintiff

in the *Ross* Action concluded he could not carry this burden and elected to seek a voluntary dismissal.

### III.   LAW AND ANALYSIS

#### A. Removal

"[A]ny civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court of the United States for the district and division embracing the place where such action is pending." 28 U.S.C. § 1441(a). The removal statute is to be interpreted narrowly, and any doubt regarding jurisdiction should be resolved in favor of the states. *Schur v. L.A. Weight Loss Ctrs, Inc.*, 577 F.3d 752, 758 (7th Cir. 2009).

#### B. CAFA Does Not Replace Traditional Diversity Jurisdiction

CAFA established a new form of diversity-based subject matter jurisdiction for class actions with 100 or more class members, minimal diversity, and a $5 million aggregate amount in controversy. Despite the plaintiffs arguments to the contrary, CAFA does not supplant traditional diversity jurisdiction; it supplements it. As explained in Newberg:

> CAFA does not replace the basic diversity requirements; it supplements them. That means that a class action case not arising under federal law can be lodged in federal court if it meets *either* the basic diversity requirements *or* CAFA's requirements.

2 W. Rubenstein, Newberg on Class Actions § 6:6 (5th ed.) (emphasis in original).[1]

As commentators and other courts have observed, nothing in the text of Section 1332(d) purports to supplant or restrict the traditional diversity jurisdiction conferred under Section 1332(a). Absent such an express provision, the Court cannot conclude that CAFA is now the exclusive means for establishing subject matter jurisdiction over class actions. *See Lu Junhong v. Boeing Co.,* 792 F.3d 805, 818 (7th Cir. 2015) ("A law granting one sort of jurisdiction does not implicitly negate others."). Indeed, CAFA's primary objective is to expand federal subject matter jurisdiction over class actions. *See Addison Automatics, Inc. v. Hartford Cas. Ins. Co.,* 731 F.3d 740, 744 (7th Cir. 2013). To hold that CAFA supplants traditional diversity jurisdiction would be inconsistent with this objective.

Additionally, there are numerous post-CAFA decisions, including decisions from the Seventh Circuit Court of Appeals, which indirectly[2] demonstrate traditional diversity jurisdiction remains a viable basis for removal of class

---

[1] *See also* 1 S. Gensler, Federal Rules of Civil Procedure, Rules and Commentary, Rule 23 ("CAFA does "not supplant the general diversity jurisdiction provisions. Thus, a class action can still qualify for federal jurisdiction under the general diversity jurisdiction provision…"); Fredman, Plaintiff's Paradise Lost: Diversity of Citizenship and Amount in Controversy Under the Class Action Fairness Act of 2005, 39 Loy. L.A.L. Rev. 1055 (2006) (post-CAFA, "the traditional path to diversity jurisdiction remains a viable option for some class actions.").

[2] The Court was hardpressed to find cases *directly* considering this argument.[2] In the few cases the Court located, the matter was quickly and summarily rejected. *See e.g., Hellmers v. Countrywide Home Loans, Inc.,* 2008 WL 191306 (E.D. La. Jan. 22, 2008) (Africk, J.) (rejecting proposition that removing defendants relying upon class allegations may only establish federal jurisdiction by satisfying the requirements set forth in Section 1332(d)(2).); *Steel City Group v. Global Online Direct, Inc.,* 2006 WL 3484318 (W.D. Pa. Nov. 30, 2006) (McVerry, J.) (CAFA does not supplant traditional diversity jurisdiction).

actions. *See e.g., Avila v. CitiMortgage, Inc.,* 801 F.3d 777, 781 n.3 (7th Cir. 2015) (noting that jurisdiction was present under both § 1332(a) and § 1332(d), in post-CAFA putative class action); *Hart v. FedEx Ground Package Sys. Inc.*, 457 F.3d 675, 676-77 (7th Cir. 2006) ("Because [the class representative] too is a citizen of Pennsylvania, in the absence of CAFA nothing would support federal subject-matter jurisdiction over these claims. That is because § 1332 requires 'complete diversity,' meaning that no plaintiff may be from the same state as any defendant, and in class actions only the citizenship of the named plaintiff counts.");[3] *County of Nassau, N.Y. v. Hotels.com, LP*, 577 F.3d 89, 93 (2d Cir. 2009) (remanding for further jurisdictional analysis and noting that general diversity jurisdiction might exist even if CAFA jurisdiction does not).[4]

In summary, the Court finds CAFA does not prevent federal courts from exercising jurisdiction over class actions that fall within the parameters of the traditional diversity jurisdiction provision found in § 1332(a). Rather, CAFA provides parties with an alternative to traditional diversity jurisdiction. Thus, the Court may exercise jurisdiction over this case if the requirements of traditional

---

[3] Here, the Seventh Circuit's discussion regarding the possible bases for subject matter jurisdiction demonstrate that CAFA does not affect those cases in which parties can already establish complete diversity under § 1332(a).

[4] Plaintiffs rely on several cases that discuss CAFA's abrogation of the traditional diversity standards. Plaintiffs misread these decisions. These decisions do not indicate that CAFA has abrogated traditional diversity jurisdiction over class actions. Rather, they are simply noting that when jurisdiction is exercised under § 1332(d), Congress adopted different requirements than those found under traditional diversity jurisdiction. For instance, CAFA jurisdiction requires only minimal diversity while traditional diversity jurisdiction requires complete diversity.

diversity jurisdiction are met.[5] In making that assessment, the Court applies Seventh Circuit precedent regarding the exercise of traditional diversity jurisdiction over class actions.

## C. Traditional Diversity Jurisdiction is Lacking

Class actions are removable under traditional diversity if there is complete diversity of citizenship between the class representatives and the defendants, that is, no class representative is a citizen of the same state as any defendant, and the required amount in controversy is met. *See* 28 U.S.C. § 1332(a)(1); 28 U.S.C. § 1367; *Exxon Mobil Corp. v. Allapattah Servs., Inc.,* 545 U.S. 546, 125 S.Ct. 2611, 2620–21, 162 L.Ed.2d 502 (2005); *Synfuel Techs., Inc. v. DHL Express (USA), Inc.,* 463 F.3d 646, 651–52 (7th Cir.2006); *Rubel v. Pfizer Inc.,* 361 F.3d 1016, 1017 (7th Cir.2004); *Garbie v. DaimlerChrysler Corp.,* 211 F.3d 407, 409, 410 (7th Cir.2000); *In re Brand Name Prescription Drugs Antitrust Litig.,* 123 F.3d 599, 607 (7th Cir.1997); *Stromberg Metal Works v. Press Mech., Inc.,* 77 F.3d 928, 930–33 (7th Cir.1996).

Here, complete diversity is unquestionably present. The only issue is whether the amount in controversy is met. At the outset, the Court rejects the contention that plaintiffs' claims may be aggregated in order to meet the amount in controversy requirement. As a general rule, putative class members' individual

---

[5] CAFA jurisdiction is not in issue. Gibco does not assert that jurisdiction is present under CAFA. Moreover, both parties seem to be in agreement that the prospective damages are well below CAFA's requisite $5,000,000 jurisdictional amount in controversy. *See* Doc. 35 p. 3 (noting that the action was previously dismissed because it "was determined that the prospective damages were well below the $5,000,000 jurisdictional amount in controversy.").

damages cannot be aggregated to reach the required amount in controversy. *In re Brand Name Prescription Drugs Antitrust Litigation*, 123 F.3d 599, 607 (7th Cir. 1997). There is, however, one exception to the general rule. Under this exception, "[i]f two or more plaintiffs unite to enforce a single right or title in which they have a common and undivided interest, the amount in controversy is the aggregate in which they each have their undivided share." *Id*. at 608. Gibco insists the exception applies because the putative class members' claims arise from the same alleged agreement. Gibco's argument misses the mark.

In assessing whether aggregation is permitted, the question is whether the putative class members' claims are "separate and distinct" or "common and undivided." *Griffith v. Sealtite Corp.*, 903 F.2d 495, 496 (7th Cir. 1990). Claims are "common and undivided" only when there is both "a common fund from which the plaintiffs seek relief" and the plaintiffs "have a joint interest in that fund, such that…plaintiffs' rights are…affected by the rights of co-plaintiffs." *Travelers Prop. Cas. v. Good*, 689 F.3d 714, 722 (7th Cir. 2012). Here, there is no common fund and there is no joint interest. Each putative class member could pursue a separate claim seeking to recover unpaid wages without implicating the rights of his or her co-plaintiffs. Accordingly, the claims are separate and distinct; the exception to the rule against aggregation does not apply.

Because the exception is not applicable, the required amount in controversy is only met if at least one class representative has a claim that is worth more than $75,000, exclusive of interest and costs. In conducting this analysis, the Court

considers the "amount required to satisfy the plaintiff's demands in full." *Oshana v. Coca–Cola Co.*, 472 F.3d 506, 510–11 (7th Cir. 2006) (citations omitted). Further, in the event of a removal, the amount in controversy is measured "on the day the suit was removed." This includes attorneys' fees. *See Smith v. American General Life and Acc. Ins. Co., Inc.*, 337 F.3d 888 (7th Cir. 2001). Gibco, as the party invoking federal jurisdiction, must set out the basis for jurisdiction and prove any contested factual allegation by a preponderance of the evidence. *Blomberg v. Serv. Corp. Int'l*, 639 F.3d 761, 763 (7th Cir. 2011); *Carroll v. Stryker Corp.*, 658 F.3d 675, 680 (7th Cir. 2011).

Here, the plaintiffs have contested Gibco's estimate as to the amount in controversy. The plaintiffs contend that, at most, each plaintiff's damages amount to approximately $2,700.[6] Given this assertion and Gibco's failure to refute the same, the likelihood that any one of the representative plaintiffs has damages that exceed $75,000 is sufficiently remote to require Gibco to come forward with "some evidence or argument to establish the plausibility of an inference that at least one member of the class could cross the $75,000 threshold[.]" *Pfizer, Inc. v. Lott*, 417 F.3d 725 725-26 (7th Cir. 2005). Gibco has not done this. Instead, Gibco focuses on the potential recovery for multiple plaintiffs,[7] future attorney

---

[6] The amount of unpaid wages allegedly due the entire class of 150 individuals is $400,000. Notably, the plaintiffs indicate this amount is premised on discovery obtained from Gibco and depositions that have already taken place. Gibco does not appear to contest this calculation. *See* Doc. 35 p. 6 (arguing that because the plaintiffs' aggregate damages are estimated to be $400,000 the jurisdictional amount in controversy is met).

[7] (Doc. 35 p. 6) (arguing the jurisdictional amount in controversy is met because the plaintiffs aggregated damages are in the neighborhood of $400,000).

fees,[8] and the fact that the complaint seeks damages, <u>as to the class,</u> in excess of $50,000.[9] None of these arguments address the relevant question; whether the *individual* claims of either named plaintiff exceed $75,000.

In summary, the record reflects the damages for each class representative are, at most, $2,700 and Gibco has not demonstrated otherwise. Considering the record before the Court, the relief available under the Illinois Wage Payment and Collection Act,[10] and the rule against aggregation, the Court cannot conceive how the damages for any one of the named plaintiffs could possibly exceed $75,000.

### D. Costs and Expenses under 28 U.S.C. § 1447(c)

Plaintiffs request an award of costs and expenses pursuant to 28 U.S.C. § 1447, which provides, in pertinent part, "An order remanding [a] case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." 28 U.S.C. § 1447(c). In *Martin v. Franklin Capital Corp.*, 546 U.S. 132, 126 S.Ct. 704, 163 L.Ed.2d 547 (2005), the Court held that, "[a]bsent unusual circumstances, courts may award attorney's fees

---

[8] (Doc. 35 p. 5) (arguing that future attorney fees in this complex action should be included in the amount in controversy calculation); (Doc. 35 p. 6) (arguing that the jurisdictional amount in controversy is met as to the class representatives if the Court considers compensatory damages, the 2% statutory penalty, and future attorneys' fees).

[9] (Doc. 28 ¶4).

[10] The IMWL provides for a punitive-damages award. *See* 820 ILL. COMP. STAT. 105/12(a) (providing for "damages of 2% of the amount of any such underpayments for each month following the date of payment during which such underpayments remain unpaid"). Gibco contends the potential penalty period is 2-3 years (Doc. 35 p. 5). Even considering a 2% penalty over three years, the Court fails to see how the amount in controversy could exceed $75,000 for a single representative. Moreover, nothing in the record before the Court indicates that plaintiffs' attorneys' fees, at the time of removal, suffice to meet the jurisdictional mark.

under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal." *Id.* at 711. The Court concludes in its discretion that an award pursuant to section 1447(c) is not appropriate in this case.

## IV. CONCLUSION

For the foregoing reasons, Plaintiffs' motion to remand (Doc. 26) is **GRANTED**. This action is **REMANDED** to the Circuit Court of the Twentieth Judicial Circuit, St. Clair County, Illinois, for lack of federal subject matter jurisdiction. Plaintiffs' request for an award of attorney fees pursuant to 28 U.S.C. § 1447(c) is **DENIED**.

**IT IS SO ORDERED.**

Signed this 9th day of May, 2016.

Digitally signed by Judge David R. Herndon
Date: 2016.05.09 12:28:41 -05'00'

**United States District Judge**